# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1396
Lower Tribunal No. 95-6485
_____

### John Edward Sanders, Jr.,
Appellant,

vs.

### The State of Florida,
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

John Edward Sanders, Jr., in proper person.

Ashley Moody, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before SALTER, SCALES and MILLER, JJ.

PER CURIAM.

John Edward Sanders, Jr. appeals a June 22, 2018 denial of his Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence. In 1995, in

lower tribunal case number F95-6485, a jury convicted Sanders of (i) burglary with an assault, (ii) robbery, and (iii) grand theft. The trial court sentenced Sanders as an habitual violent felony offender, pursuant to section 775.084(b) of the Florida Statutes (1995).[1] This Court affirmed his conviction in Sanders v. State, 697 So. 2d 856 (Fla. 3d DCA 1997) (table).

In 1995, the trial court based Sanders's habitual violent felony offender status on his conviction in lower tribunal case number F91-45810, in which Sanders pled no contest to three counts of armed robbery and was sentenced to five years in prison. In the instant appeal, Sanders argues that, in 1995, the trial court had inaccurate pre-sentencing information upon which to determine Sanders's habitual violent felony offender status. This argument is a variation of an argument Sanders made in an earlier and unsuccessful rule 3.800 motion. In his 2009 motion, Sanders maintained that his enhanced sentence was improperly based on a 1992 crime in which he also pled guilty (lower tribunal case number F92-17107). The trial court determined and we affirmed that Sanders's habitual violent felony offender sentence enhancement was based on the 1991 crimes of armed robbery. Sanders v. State, 26 So. 3d 593 (Fla. 3d DCA 2009) (table).[2]

_____

[1] Sanders received a life sentence with a fifteen-year minimum mandatory for burglary with an assault, a thirty-year sentence with a ten-year minimum mandatory for robbery, and a ten-year sentence with a five-year minimum mandatory for grand theft. The sentences were to be served concurrently.

[2] During his years of incarceration, Sanders has filed several, additional,

We again confirm that Sanders's habitual violent felony offender status and accompanying sentence enhancement were based on his 1991 convictions for armed robbery; that armed robbery was an appropriate predicate crime for habitual violent felony offender status under the version of section 775.084(b) in effect at the time of his sentencing; and that the trial court's sentencing of Sanders was not blemished by any misunderstanding of his past misdeeds.

We, therefore, affirm the trial court's denial of Sanders's October 12, 2017 rule 3.800 motion.

ORDER TO SHOW CAUSE

Sanders is hereby directed to show cause, within forty-five days of the date of this opinion, as to why he should not be prohibited from filing further pro se appeals, petitions, motions or other pleadings related to his conviction in circuit court case F95-6485.

If Sanders does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.

---

unsuccessful motions for post-conviction relief: <u>Sanders v. State</u>, 138 So. 3d 457 (Fla. 3d DCA 2014) (table); <u>Sanders v. State</u>, 134 So. 3d 467 (Fla. 3d DCA 2014) (table); <u>Sanders v. State</u>, 13 So. 3d 1066 (Fla. 3d DCA 2009) (table); <u>Sanders v. State</u>, 959 So. 2d 739 (Fla. 3d DCA 2007) (table); <u>Sanders v. State</u>, 906 So. 2d 1075 (Fla. 3d DCA 2005) (table); and <u>Sanders v. State</u>, 728 So. 2d 231 (Fla. 3d DCA 1998) (table).

Additionally, and absent a showing of good cause, any further and unauthorized filings by Sanders will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2018).

Affirmed; show cause order issued.